**CASES ARGUED AND DETERMINED**

IN THE

# SUPREME COURT

OF THE

# STATE OF CONNECTICUT

---

## WILLIE A. SAUNDERS *v.* COMMISSIONER OF CORRECTION
## (SC 20430)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Kahn, Ecker and Keller, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of sexual assault and
risk of injury to a child, sought a writ of habeas corpus, claiming that
his rights to due process were violated because, at the time of his
criminal trial, he suffered from severe intellectual disabilities and physio-
logical and mental health afflictions that rendered him incompetent to
stand trial. He further alleged that, during his criminal trial, neither
his trial counsel, the state, nor the trial court sought a competency
examination for him, in violation of statute (§ 54-56d). At his criminal
trial and on direct appeal to the Appellate Court, which upheld his
conviction, the petitioner did not raise any claim regarding his compe-
tency to stand trial. The respondent, the Commissioner of Correction,
filed a return in response to the petitioner's habeas petition, asserting
that the petitioner had procedurally defaulted because his due process
claims were not raised during his criminal trial or on direct appeal and
that he could not establish cause and prejudice to excuse the procedural
defaults. The petitioner filed a reply, in which he asserted that the
defense of procedural default did not apply to his due process claims,
that he could not have raised those claims previously because of his
developmental and intellectual disabilities, and, in the alternative, that
he could establish cause and prejudice to overcome the procedural
defaults. The respondent filed a motion to dismiss, and the habeas
court granted that motion and rendered judgment dismissing the habeas
petition. The habeas court determined that the petition and reply were

1

Saunders *v.* Commissioner of Correction

deficient because an allegation of incompetency was legally insufficient to establish cause and prejudice. Accordingly, the habeas court concluded that the petitioner's due process claims were procedurally defaulted and that he had failed to allege legally cognizable cause and prejudice to overcome the defaults. On the granting of certification, the petitioner appealed to the Appellate Court, which upheld the habeas court's judgment. On the granting of certification, the petitioner appealed to this court, claiming, inter alia, that the Appellate Court incorrectly had concluded that the procedural default doctrine applies to competency claims. *Held*:

1. The Appellate Court correctly concluded that the petitioner's competency claim was subject to the procedural default doctrine, as the prudential interests in finality and uniformity underlying that doctrine militated against carving out an exception to it for competency claims: application of the procedural default doctrine to competency claims encourages the timely assertion of those claims when the trial court is in the best position to determine competency and to provide a timely remedy, and the passage of time could result in the potential for loss of evidence or the improvement or deterioration of the petitioner's condition, and could hinder a habeas court's ability to make a meaningful determination regarding a petitioner's competency at the time of his criminal trial; moreover, this court has emphasized the importance of applying the cause and prejudice standard consistently to all procedural defaults and has recognized only two exceptions to the application of the procedural default doctrine, including for claims of actual innocence, and the reasons that led this court to carve out those exceptions were not applicable in the context of competency claims; furthermore, this court declined to follow federal cases that have held, pursuant to the waiver rule of *Wainwright* v. *Sykes* (433 U.S. 72), that procedural default does not apply to substantive competency claims, as the great weight of federal and Connecticut habeas jurisprudence since *Wainwright* has transitioned from a waiver standard to a forfeiture standard for procedural default, and the procedural default standard in Connecticut is more akin to forfeiture, which addresses the petitioner's timing in raising a constitutional claim rather than the mental state driving the petitioner's decision to waive such a claim.

2. The Appellate Court incorrectly concluded that the petitioner had failed to allege sufficient cause and prejudice to overcome his procedural defaults:

a. This court rejected the Appellate Court's conclusion that mental incompetency is internal, rather than external, to the petitioner and, thus, that a claim of incompetency is legally insufficient to satisfy the cause prong of the cause and prejudice standard: the term "internal" is defined as something fairly attributable to the petitioner, whether cause is internal presumes a level of participation by the petitioner in his defense, and the duty that § 54-56d (c) imposes on trial counsel, the state, and the

Saunders *v.* Commissioner of Correction

trial court to raise the issue of competency indicates that incompetency is external to the petitioner; moreover, there was a lack of precedential support for the respondent's claim that, on collateral review, procedurally defaulted due process competency claims must be brought with an accompanying ineffective assistance of counsel claim, as habeas petitioners are not precluded from raising freestanding competency claims, when, as in the present case, an objective factor is external to the defense yet still tangential to effective assistance of counsel.

b. The habeas court incorrectly determined that the petitioner had failed to allege sufficient prejudice to survive the respondent's motion to dismiss: the petitioner sufficiently alleged that, if the trial court had him evaluated, his several cognitive limitations and significant physiological and mental health afflictions would have established that he was incompetent to stand trial, was not restorable to competency and, therefore, would not have been tried and convicted; accordingly, the judgment was reversed and the case was remanded so that the petitioner could produce evidence to support his claim and to rebut the defense of procedural default.

Argued October 18, 2021—officially released April 19, 2022

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the court, *Kwak, J.*, granted the respondent's motion to dismiss and rendered judgment thereon, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *Alvord*, *Prescott* and *Moll, Js.*, which affirmed the judgment of the habeas court, and the petitioner, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Vishal K. Garg*, for the appellant (petitioner).

*Robert J. Scheinblum*, senior assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, *Bruce R. Lockwood*, supervisory assistant state's attorney, and *Eva B. Lenczewski*, former supervisory assistant state's attorney, for the appellee (respondent).

Saunders *v.* Commissioner of Correction

*Opinion*

D'AURIA, J. In this certified appeal, we must determine whether the defense of procedural default, which prevents courts from reaching the merits of a constitutional claim raised for the first time in a habeas proceeding in the absence of a showing of cause and prejudice, applies to a due process claim that is based on incompetency to stand trial.

The petitioner, Willie A. Saunders, appeals from the judgment of the Appellate Court, which upheld the habeas court's dismissal of his petition for a writ of habeas corpus as barred by procedural default. The petitioner claims that the Appellate Court incorrectly concluded that (1) the defense of procedural default applies to competency claims, and (2) his pleadings failed to allege sufficient cause and prejudice to overcome the procedural default defense. We disagree with the petitioner that competency claims are categorically exempt from being procedurally defaulted because incompetency may satisfy the cause and prejudice standard to excuse a procedural default. In the petitioner's case, our review of the petition leads us to conclude that his pleadings met the standard necessary to survive a motion to dismiss. Accordingly, we reverse the Appellate Court's judgment and remand the case to that court with direction to remand it to the habeas court for an evidentiary hearing on the threshold question of whether the petitioner was incompetent at the time of his underlying criminal trial or his direct appeal and, if so, whether he suffered any resulting prejudice, thereby excusing his procedural default.

The Appellate Court's opinion contains the pertinent facts and procedural history; see *Saunders* v. *Commissioner of Correction*, 194 Conn. App. 473, 475–81, 221 A.3d 810 (2019); which we summarize in relevant part. A jury found the petitioner guilty of sexual assault in

Saunders *v.* Commissioner of Correction

the first degree in violation of General Statutes § 53a-70 (a) (2) and risk of injury to a child in violation of General Statutes § 53-21 (a) (2). Id., 477. The trial court sentenced the petitioner to ten years of imprisonment followed by fifteen years of special parole. Id. The petitioner appealed to the Appellate Court, claiming that "the state adduced insufficient evidence to sustain his conviction . . . the trial court improperly allowed the state to comment on missing witnesses during final argument, and the . . . state engaged in prosecutorial impropriety during final argument and, therefore, deprived him of his due process right to a fair trial." (Internal quotation marks omitted.) Id., 477–78 n.3. The petitioner raised no claim regarding his competency to stand trial. See id. The Appellate Court upheld the petitioner's conviction on direct appeal; see *State* v. *Saunders*, 114 Conn. App. 493, 509, 969 A.2d 868, cert. denied, 292 Conn. 917, 973 A.2d 1277 (2009); and this court denied his petition for certification to appeal. *State* v. *Saunders*, 292 Conn. 917, 973 A.2d 1277 (2009).

The present case is the petitioner's second in which he seeks a writ of habeas corpus.[1] He raises claims of two "due process violations under the fifth and fourteenth amendments to the United States constitution and article first, §§ 8 and 9, of the Connecticut constitution on the grounds that [he] was incompetent to be prosecuted and to stand trial . . . ." *Saunders* v. *Commissioner of Correction*, supra, 194 Conn. App. 478. Count one of his habeas petition alleges that, at the time of trial, the petitioner suffered from severe intellectual disabilities, including "an inability to read or write, a

---

[1] In his first habeas petition, the petitioner alleged that his trial counsel rendered ineffective assistance by failing to call additional alibi witnesses. *Saunders* v. *Commissioner of Correction*, supra, 194 Conn. App. 478. The habeas court denied the petition and denied certification to appeal. Id. The petitioner appealed to the Appellate Court, which dismissed the appeal. See *Saunders* v. *Commissioner of Correction*, 143 Conn. App. 902, 67 A.3d 316, cert. denied, 310 Conn. 917, 76 A.3d 632 (2013).

Saunders *v.* Commissioner of Correction

diagnosis of 'mental retardation' at a young age, and brain functioning equivalent to that of a ten year old child.'' Id. Because of these deficiencies, the petitioner alleges, he ''could not comprehend the nature of the criminal proceedings against him, other than the general nature of the charges and the fact that he was facing incarceration if convicted.'' Id. Count two of the petition alleges that, at the time of trial, the petitioner also suffered from ''significant physiological and mental health afflictions,'' including ''a long history of epileptic seizures, a visibly misshapen head, paranoia, schizophrenia, and depression, and that he had been hospitalized on numerous occasions in North Carolina prior to his arrest . . . .'' Id., 479. Both counts allege that his trial counsel, the state, and the trial court failed to request a competency examination during the course of the proceedings, in violation of General Statutes § 54-56d. Id., 478–79.

The respondent, the Commissioner of Correction, filed a return denying the petitioner's material allegations and asserting several affirmative defenses, including procedural default as to both counts of the petition. Id., 479. The respondent argued that the petitioner did not raise his due process claims regarding competency to stand trial during his criminal trial or on direct appeal and, therefore, had procedurally defaulted. Id., 479–80. The respondent further contended that the petitioner could not establish sufficient cause and prejudice to excuse the defaults. Id., 480.[2] The petitioner, in his reply, argued

[2] The respondent also argued that, to the extent the petition raised an ineffective assistance of counsel claim, that claim had been raised and resolved in the prior habeas proceeding. *Saunders* v. *Commissioner of Correction*, supra, 194 Conn. App. 479 n.5. ''The modern trend, which is followed in Connecticut, is to construe pleadings broadly and realistically, rather than narrowly and technically. . . . [T]he [petition] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties. . . . As long as the pleadings provide sufficient notice of the facts claimed and the issues to be tried and do not surprise or prejudice the opposing party, we will not conclude that the [petition] is insufficient

Saunders *v.* Commissioner of Correction

that the defense of procedural default did not apply to his due process claims, that he could not have raised those claims previously because of his developmental and intellectual disabilities, and, in the alternative, that he could establish cause and prejudice to overcome the procedural defaults. Id.

The respondent moved to dismiss the second habeas petition on the ground that the petitioner's due process claims were procedurally defaulted. Id., 480–81. The habeas court granted the motion, "determin[ing] that the petitioner's due process claims were procedurally defaulted and that he had failed to allege legally cognizable cause and prejudice to overcome the procedural defaults." (Footnotes omitted.) Id., 481.

The habeas court granted the petitioner certification to appeal to the Appellate Court, which upheld the habeas court's judgment. See id., 481, 504. We granted the petitioner's petition for certification to appeal, limited to the following issues: (1) "Did the Appellate Court correctly conclude that the doctrine of procedural default applies to competency claims?" And (2) "[d]id the Appellate Court correctly conclude that the petitioner's pleadings

to allow recovery." (Footnote omitted; internal quotation marks omitted.) *Carpenter* v. *Commissioner of Correction*, 274 Conn. 834, 842, 878 A.2d 1088 (2005). Although the petition does allege that defense counsel failed to request a competency evaluation, the petitioner specifically disclaimed that he was raising an ineffective assistance of counsel claim. The habeas court agreed, concluding that a "fair and liberal reading of the . . . petition supports the conclusion that the petitioner is alleging only a due process violation, and that he is not alleging ineffective assistance of counsel in violation of the petitioner's rights under the sixth amendment [to] the United States constitution. Nor is the petitioner alleging ineffective assistance of appellate counsel on direct appeal [or] ineffective assistance by prior habeas counsel." The petitioner also disclaimed that he was raising an ineffective assistance of counsel claim on appeal to the Appellate Court; see *Saunders* v. *Commissioner of Correction*, supra, 483 n.12; and at oral argument before this court. The respondent does not press this issue before this court. Thus, consistent with these prior proceedings and the limited issues we have certified for appeal, we do not revisit this issue.

Saunders *v.* Commissioner of Correction

failed to allege sufficient cause and prejudice to overcome a procedural default?'' *Saunders* v. *Commissioner of Correction*, 334 Conn. 917, 222 A.3d 103 (2020). We will discuss additional facts and procedural history as necessary to address the petitioner's claims.

I

The petitioner first claims that the Appellate Court incorrectly concluded that the procedural default defense applies to competency claims. He argues that, because an incompetent defendant cannot waive any rights,[3] including fundamental rights, any valid waiver of a fundamental right must be made on the record. Specifically, he argues that (1) this court should follow the guidance of federal courts that have declined to apply procedural default to competency claims because the harm of prosecuting an incompetent defendant outweighs the interests protected by the judge-made doctrine of procedural default, and (2) even if procedural default is a forfeiture rule, and not a waiver rule, this court should reject its applicability to competency claims. In response, the respondent argues that the Appellate Court correctly

[3] We express concern that, during the habeas proceedings, the petitioner's counsel indicated that the petitioner's mother was in the courtroom and represented that she is the petitioner's ''legal protector . . . I should say, legal guardian. And she has signed, a while ago, a release to me that she wanted—she agreed that I should pursue his habeas [case], Your Honor.'' When the respondent's counsel expressed concern about whether there would be any effective waiver of attorney-client confidentiality because ''I have trial counsel I would like to call as a witness, and there really is no ineffective assistance of counsel claim,'' the petitioner's counsel indicated that, if the respondent was considering calling the petitioner's criminal trial counsel as a witness, ''*I* have no objection to Attorney [Alan D.] McWhirter testifying about the trial.'' (Emphasis added.) It is not clear from the record before us that habeas counsel could unilaterally waive the petitioner's attorney-client privilege if habeas counsel had determined it was necessary to have someone other than the petitioner approve the filing of the petition on his behalf due to the petitioner's alleged incompetency and inability to be restored to competence. Habeas counsel should consult rule 1.14 of the Rules of Professional Conduct on remand.

Saunders *v.* Commissioner of Correction

(1) applied Connecticut's habeas jurisprudence, and followed the majority of federal and other state courts, in holding that procedural default applies to competency claims, (2) declined to follow the decision of the United States Court of Appeals for the Second Circuit in *Silverstein* v. *Henderson*, 706 F.2d 361 (2d Cir.), cert. denied, 464 U.S. 864, 104 S. Ct. 195, 78 L. Ed. 2d 171 (1983), and other federal and state court decisions, because they improperly conflate waiver and procedural default, and (3) concluded that the interest in the finality of convictions outweighs the risk that a criminal defendant will be deprived of his right not to be prosecuted while incompetent. We agree with the respondent.

It is well established that, although federal postconviction jurisprudence does not bind us, this court has adopted the procedural default standard articulated in *Wainwright* v. *Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). See, e.g., *Hinds* v. *Commissioner of Correction*, 321 Conn. 56, 70–71, 136 A.3d 596 (2016). "Under this standard, the petitioner must demonstrate good cause for his failure to raise a claim at trial or on direct appeal and actual prejudice resulting from the impropriety claimed in the habeas petition." (Internal quotation marks omitted.) Id., 71. The cause and prejudice standard "is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, [inadvertence] or ignorance . . . ." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 191, 982 A.2d 620 (2009). The procedural default doctrine is a prudential limitation on the right to raise constitutional claims in collateral proceedings that vindicates the interests of finality of judgments and uniformity. See, e.g., *Hinds* v. *Commissioner of Correction*, supra, 71–72; *Crawford* v. *Commissioner of Correction*, supra, 188–89.

Saunders *v.* Commissioner of Correction

Raising the defense of procedural default in Connecticut proceeds as follows: The petitioner files a petition for a writ of habeas corpus under oath, stating the specific acts on which each claim is based and the relief requested; whether he has, in prior petitions, challenged the same confinement; the dispositions taken in connection with those petitions; and whether "the legal grounds [on] which the petition is based were previously asserted at the criminal trial, on direct appeal or in any previous petition." Practice Book § 23-22 (3). The respondent is then required to file a return to the petition and, specifically, must "allege any facts in support of any claim of procedural default . . . ." Practice Book § 23-30 (b). The petitioner must then file a reply to "allege any facts and assert any cause and prejudice claimed to permit review of any issue despite any claimed procedural default. The reply shall not restate the claims of the petition." Practice Book § 23-31 (c). The habeas court, sua sponte or on a motion by the respondent, may dismiss the petition for "any other legally sufficient ground . . . ." Practice Book § 23-29 (5).[4] Alternatively, the habeas court may conduct a trial, an evidentiary hearing, or hear argument on a dispositive question of law. Practice Book § 23-40. The habeas court's conclusion that the petitioner procedurally defaulted his due process claims involves a question of law; our review is therefore plenary. See, e.g., *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008).

Neither this court nor the United States Supreme Court has considered whether the defense of proce-

_____

[4] Practice Book § 23-29 provides that a habeas court may dismiss a petition if it determines that "(1) the court lacks jurisdiction; (2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted; (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition; (4) the claims asserted in the petition are moot or premature; (5) any other legally sufficient ground for dismissal of the petition exists."

Saunders *v.* Commissioner of Correction

dural default applies to due process competency claims. We note, however, that we do not write on a clean slate. Rather, the same interests in finality and uniformity that apply to other procedurally defaulted constitutional claims apply in the present case. See *Hinds* v. *Commissioner of Correction*, supra, 321 Conn. 71–72; *Crawford* v. *Commissioner of Correction*, supra, 294 Conn. 188. We conclude that these interests militate against carving out an exception to the defense of procedural default for competency claims.

As to finality, procedural default encourages petitioners to undertake "the opportunity to resolve the issue shortly after trial, while evidence is still available both to assess the defendant's claim and to retry the defendant effectively if he prevails in his appeal. . . . This type of rule promotes not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case." (Internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, supra, 294 Conn. 189. Procedural default also discourages petitioners from sitting on claims for tactical and strategic reasons, and ensures that evidence that is crucial to petitioners' claims is available for review. "Memories fade with the passage of time, exhibits are lost, and other evidence is less likely to be available." *Johnson* v. *Commissioner of Correction*, 218 Conn. 403, 416, 589 A.2d 1214 (1991). The greater lapse in time that occurs between conviction and a habeas court's consideration of a petition, unlike the direct appellate process with its stricter time limits, has serious consequences on the availability of witnesses and evidence. Id. Compare Practice Book § 63-1 (a) (direct appeal must be filed within twenty days of judgment), with General Statutes § 52-470 (c) (rebuttable presumption that habeas peti-

Saunders *v.* Commissioner of Correction

tion was delayed without good cause if not filed within five years of conviction deemed to be final judgment after appellate review or expiration of time for seeking such review) and General Statutes § 52-470 (d) (rebuttable presumption that successive habeas petition was delayed without good cause if not filed within two years of final judgment on prior petition due to conclusion of appellate review or expiration of time for seeking such review).

The petitioner argues that, because the state does not need to retry him if he succeeds on his competency claim, the finality interest is diminished, thereby militating against the application of the procedural default rule in this context. We do not agree. In fact, if anything, the passage of time heightens the concern that constitutional claims regarding competency be made timely. Not only is there the potential for the loss of evidence concerning a petitioner's incompetency at the time of his trial—in this case, fifteen years after it concluded—but, potentially, the petitioner's condition might further deteriorate, improve, or otherwise materially change. Courts have commented on the difficulties posed by attempting "retrospectively [to] determin[e] an accused's competence to stand trial." *Pate* v. *Robinson*, 383 U.S. 375, 387, 86 S. Ct. 836, 15 L. Ed. 2d 815 (1966); see also *Gold* v. *Warden*, 222 Conn. 312, 317–18, 610 A.2d 1153 (1992). Although certain circumstances require a court to conduct nunc pro tunc, or retroactive, competency hearings, they are generally disfavored because of the "risk that the post hoc reconstruction of the defendant's mental state will be unduly speculative and inherently unreliable." *State* v. *Burgos*, 170 Conn. App. 501, 529, 155 A.3d 246, cert. denied, 325 Conn. 907, 156 A.3d 538 (2017). The passage of time hinders the ability of postconviction courts to make meaningful determinations regarding a petitioner's competency at the time of trial. See, e.g., *United States* v. *Arenburg*, 605 F.3d

Saunders *v.* Commissioner of Correction

164, 171–72 (2d Cir. 2010) (remanding for nunc pro tunc competency determination if trial court determines meaningful hearing can be held); *United States* v. *Auen*, 846 F.2d 872, 878 (2d Cir. 1988) (same). The trial court "is in a particularly advantageous position to observe a defendant's conduct during a trial and has a unique opportunity to assess a defendant's competency. A trial court's opinion, therefore, of the competency of a defendant is highly significant." (Internal quotation marks omitted.) *State* v. *Connor*, 292 Conn. 483, 523–24, 973 A.2d 627 (2009). A petitioner's failure to raise the issue of competency at trial or on direct appeal deprives the habeas court of the crucial perspective of the jurist presiding at the trial. Consistent with these policies, applying the procedural default defense to competency claims encourages the timely assertion of those claims when the trial court is in the best position to determine competency and to provide a timely remedy.

As to uniformity, we have emphasized the importance of applying the cause and prejudice standard consistently to all procedural defaults, whether the default occurred at trial or on direct appeal. See, e.g., *Crawford* v. *Commissioner of Correction*, supra, 294 Conn. 182 ("[i]n setting out [the cause and prejudice] standard, the [United States] Supreme Court emphasized the importance of the uniform application of procedural default standards, regardless of the specific nature of the procedural default"); see also *Coleman* v. *Thompson*, 501 U.S. 722, 747, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) (explaining that United States Supreme Court cases since *Wainwright* "have been unanimous in applying the cause and prejudice standard"); *Newland* v. *Commissioner of Correction*, 331 Conn. 546, 561, 206 A.3d 176 (2019) (claim of complete denial of trial counsel was subject to procedural default, but prejudice is assumed); *Council* v. *Commissioner of Correction*, 286 Conn. 477, 489, 944 A.2d 340 (2008) (challenge

Saunders *v.* Commissioner of Correction

to validity of plea subject to procedural default when petitioner failed to file motion to withdraw guilty plea or to challenge validity of plea on direct appeal); *Correia* v. *Rowland*, 263 Conn. 453, 461–62, 820 A.2d 1009 (2003) (failure to raise issue of due process violation at trial or on direct appeal for state's failure to preserve evidence was procedurally defaulted); *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 37–38, 779 A.2d 80 (2001) (failure to challenge allegedly illegal sentence at trial or on direct appeal was subject to procedural default); *Johnson* v. *Commissioner of Correction*, supra, 218 Conn. 409 (failure to challenge jury array or to raise ineffective assistance of counsel claim at trial or on direct appeal was subject to procedural default).

This court has recognized only two exceptions to the requirement that a petitioner's claims are subject to the defense of procedural default: (1) claims pursuant to *State* v. *Salamon*, 287 Conn. 509, 949 A.2d 1092 (2008),[5] and (2) like the United States Supreme Court, claims of actual innocence. We exempted *Salamon* claims from procedural default because we concluded that the finality interests[6] were "insufficiently weighty" in those cases and, further, that the state would "effectively be in the same position even if the petitioner had raised

[5] *Salamon* claims are habeas claims seeking to vacate a kidnapping conviction pursuant to this court's decision in *State* v. *Salamon*, supra, 287 Conn. 509, in which we overruled our long-standing interpretation of our kidnapping statutes. See id., 542; see also *Hinds* v. *Commissioner of Correction*, supra, 321 Conn. 68–69.

[6] These finality interests included "(1) the fact that law enforcement relied on the old interpretation of the kidnapping statutes while trying the petitioner; (2) the fact that the retroactive application of *Salamon* has no deterrent value or remedial purpose; (3) the fear that our courts will be flooded with habeas petitions from other inmates convicted under [General Statutes] § 53a-92 (a) (2) (A); (4) the difficulty of retrying such cases where significant time has elapsed since conviction; and [5] perhaps most [important] . . . the concern that victims will be retraumatized by again having to testify and endure another round of judicial proceedings." (Internal quotation marks omitted.) *Hinds* v. *Commissioner of Correction*, supra, 321 Conn. 73.

Saunders *v.* Commissioner of Correction

a *Salamon* type challenge in his criminal proceedings.'' *Hinds* v. *Commissioner of Correction*, supra, 321 Conn. 76. Similarly, we have held that the ''strong interest in the finality of judgments, and the state's interest in retrying a defendant with reasonably fresh evidence, does not require the continued imprisonment of one who is actually innocent'' and, therefore, have allowed petitioners to raise a substantial claim of actual innocence for the first time on collateral review. *Summerville* v. *Warden*, 229 Conn. 397, 422, 641 A.2d 1356 (1994); see also *Murray* v. *Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). In acknowledging both exceptions, we have recognized that *Salamon* claims and claims of actual innocence are exceedingly rare. See, e.g., *Hinds* v. *Commissioner of Correction*, supra, 74–75 (''[o]f the 1.5 percent of [D]epartment of [C]orrection inmates incarcerated for kidnapping or unlawful restraint, one can reasonably assume that only a small subset will fall within the ambit of *Salamon*''); see also *Schlup* v. *Delo*, 513 U.S. 298, 321, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995) (''habeas . . . petitions that advance a substantial claim of actual innocence are extremely rare''). Thus, the finality interests and, as we explain next, the distinct and limited basis for actual innocence claims, which previously persuaded this court to carve out exceptions to the defense of procedural default, are not present for competency claims. We see no other prevailing reason to exempt competency claims from our uniform application of procedural default.

Citing *Wainwright* v. *Sykes*, supra, 433 U.S. 91, the petitioner also argues that procedural default should not apply to competency claims because the petitioner '' 'will be the victim of a miscarriage of justice.' '' Both the United States Supreme Court and this court, however, have limited this exception to claims of actual innocence. See *Schlup* v. *Delo*, supra, 513 U.S. 321; *Sum-*

Saunders *v.* Commissioner of Correction

*merville* v. *Warden*, supra, 229 Conn. 422. A petitioner's claim of incompetency at the time of trial is not the same as a claim of incompetency at the time of his crimes. The latter claim would address his culpability and, therefore, his "actual innocence." *Perkins* v. *Hall*, 288 Ga. 810, 826, 708 S.E.2d 335 (2011), overruled in part on other grounds by *State* v. *Lane*, 308 Ga. 10, 838 S.E.2d 808 (2020). Instead, the claim of incompetency at the time of trial is "a trial right—a [due process] based protection designed to ensure that he received a fair trial." (Emphasis omitted.) Id. The habeas petitioner "does not come before the [c]ourt as one who is innocent, but on the contrary as one who has been convicted by due process of law . . . ." (Internal quotation marks omitted.) *Summerville* v. *Warden*, supra, 423. Thus, the application of procedural default to claims addressing competency to stand trial would not result in the same "miscarriage of justice" that *Wainwright* contemplated.

Nonetheless, the petitioner argues that we should follow the decisions of several federal courts, including the Second Circuit, and hold that substantive competency claims[7] cannot be procedurally defaulted. In *Silverstein* v. *Henderson*, supra, 706 F.2d 361, the Second Circuit declined to hold that a petitioner's claim regarding competency to stand trial was subject to procedural default. See id., 366. The court in *Silverstein* applied the logic of *Pate* v. *Robinson*, supra, 383 U.S. 375, in which the United States Supreme Court held that a petitioner could not waive his right to a competency hearing at trial by failing to request one because "it is contradictory to argue that a defendant may be incom-

_____

[7] "A procedural competency claim is based [on] a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, [whereas] a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent." (Internal quotation marks omitted.) *Saunders* v. *Commissioner of Correction*, supra, 194 Conn. App. 489 n.14, quoting *Lay* v. *Royal*, 860 F.3d 1307, 1314 (10th Cir. 2017), cert. denied,      U.S.     , 138 S. Ct. 1553, 200 L. Ed. 2d 752 (2018).

Saunders *v.* Commissioner of Correction

petent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial.'' Id., 384. The Second Circuit held that this rationale also applied to a petitioner's failure ''to object or to take an appeal on the issue'' on collateral review, resting its holding that procedural default does not apply to competency claims or *Wainwright*'s waiver rule. See *Silverstein* v. *Henderson*, supra, 367. Waiver, in this context, is ''an intentional relinquishment or abandonment of a known right or privilege by the petitioner personally and depended on his considered choice.'' (Internal quotation marks omitted.) *Jackson* v. *Commissioner of Correction*, 227 Conn. 124, 131, 629 A.2d 413 (1993).

As the respondent and the Appellate Court aptly noted, however, in the nearly forty years since *Silverstein*, the great weight of federal and Connecticut habeas jurisprudence has transitioned from a waiver standard to a forfeiture standard for procedural default. See *Saunders* v. *Commissioner of Correction*, supra, 194 Conn. App. 488–93. We explained in *Crawford* v. *Commissioner of Correction*, supra, 294 Conn. 165, that our prior habeas jurisprudence, using the deliberate bypass standard for procedural defaults, ''was predicated on an assumption about federal law that later was refuted by the federal adoption of cause and prejudice for all procedural defaults . . . .'' Id., 188. We have defined forfeiture in the criminal context as ''the failure to make the timely assertion of a right . . . .'' (Internal quotation marks omitted.) *Mozell* v. *Commissioner of Correction*, 291 Conn. 62, 71, 967 A.2d 41 (2009). Thus, our procedural default standard is more akin to forfeiture, which addresses the petitioner's timing in raising a constitutional claim and not the mental state driving his decision to waive a claim. Additionally, *Silverstein* does not discuss the finality or uniformity interests served by procedural default. We are persuaded that, given the

Saunders *v.* Commissioner of Correction

more recent move away from a waiver standard for procedural default, and the compelling finality and uniformity interests implicated, *Silverstein* is not helpful in resolving the contemporary question of whether to apply procedural default to competency claims.[8]

In concluding that the Appellate Court correctly held that the petitioner's claim is subject to procedural default, we recognize the predicament facing habeas petitioners who may have been incompetent at the time of trial and, because of that incompetency, failed to raise the issue at trial or on direct appeal. Because we conclude, however, that, if properly pleaded, incompetency is a legally cognizable "cause" that may survive a motion to dismiss; see part II A of this opinion; the potential harm of applying procedural default to competency claims is mitigated.

II

The petitioner next challenges the Appellate Court's conclusion that his pleadings failed to allege sufficient cause and prejudice to overcome a procedural default. As to the cause prong, he argues that incompetency can constitute cause.[9] As to the prejudice prong, he

---

[8] The petitioner also contends that our decision in *State* v. *Gore*, 288 Conn. 770, 777–78, 955 A.2d 1 (2008), should lead us to conclude that we have adopted a "nonforfeiture doctrine with respect to fundamental constitutional rights." We are not persuaded. *Gore* is a waiver case, and, therefore, the petitioner's argument falters on the same analytical defect in *Silverstein*. See *State* v. *Gore*, supra, 776–77 ("[o]ur task, therefore, is to determine whether the totality of the record furnishes sufficient assurance of a constitutionally valid waiver of the right to a jury trial"). We agree that an incompetent defendant cannot, at the time of trial, knowingly, intelligently, and voluntarily waive the right not to be tried while incompetent in violation of the wisdom of *Pate* v. *Robinson*, supra, 383 U.S. 384. However, our case law regarding procedural default is consistent with a forfeiture regime, not waiver. In fact, we previously have held that a petitioner *can* procedurally default the right to a jury trial, the constitutional claim advanced in *Gore*. See *Duperry* v. *Solnit*, 261 Conn. 309, 330–33, 803 A.2d 287 (2002).

[9] In particular, the petitioner argues that his allegation of incompetency sufficiently established cause because the trial court's failure to conduct a competency hearing during his underlying criminal trial was external to the

343 Conn. 1 APRIL, 2022 19

Saunders *v.* Commissioner of Correction

argues that prejudice must be presumed because incompetency to stand trial constitutes structural error. The respondent counters that the Appellate Court correctly held that the petitioner's reply was deficient pursuant to Practice Book § 23-31 (c).[10] As to cause, the respondent argues that the Appellate Court correctly held that the petitioner's mental impairment is not an external impediment to his defense and, thus, cannot suffice to overcome the procedural default. The respondent also posits that, on collateral review, due process claims of incompetence to stand trial must be brought with an accompanying ineffective assistance of counsel claim. The respondent does not address the sufficiency of the petitioner's allegation of prejudice. We address each prong in turn.

A

The United States Supreme Court has left open for resolution the precise definition of cause and prejudice for more than forty years; see *Wainwright* v. *Sykes,*

defense. Because we hold that the petitioner's claim of incompetency in general is external to him, we do not address this specific argument.

[10] The respondent argues that the petitioner's reply was deficient because he failed to plead a legally sufficient cause to rebut the defense of procedural default. The respondent relies on *Anderson* v. *Commissioner of Correction*, 114 Conn. App. 778, 788–89, 971 A.2d 766, cert. denied, 293 Conn. 915, 979 A.2d 488 (2009), in which the Appellate Court held that the habeas court properly dismissed in part a habeas petition because the petitioner's reply "fail[ed] to allege any facts or [to] assert any cause and resulting prejudice to permit review of his claims" to rebut the affirmative defense of procedural default. Id., 788. In the present case, the habeas court and the Appellate Court concluded that the petition and the reply were deficient because an allegation of incompetency was not legally sufficient to establish cause. See *Saunders* v. *Commissioner of Correction*, supra, 194 Conn. App. 498–99. Because we hold that incompetency may constitute legally sufficient cause, we find the respondent's argument unavailing. Both the petitioner's petition and his reply specifically allege that he suffers from "severe [i]ntellectual and [a]daptive disabilities" and "significant physiological and mental health afflictions" that prevented him from comprehending the nature of the legal proceedings against him and from assisting in his defense. Thus, the pleadings satisfy Practice Book § 23-31 (c).

Saunders *v.* Commissioner of Correction

supra, 433 U.S. 87; but has explained "that the existence of cause for a procedural default must ordinarily turn on whether the [petitioner] can show that some objective factor *external to the defense* impeded counsel's efforts to comply with the [s]tate's procedural rule." (Emphasis added.) *Murray* v. *Carrier*, supra, 477 U.S. 488; accord *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 568. "A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner." *Davila* v. *Davis*, U.S. , 137 S. Ct. 2058, 2065, 198 L. Ed. 2d 603 (2017). Objective factors external to the defense include, but are not limited to, "a showing that the factual or legal basis for a claim was not reasonably available to counsel," outside interference by officials that made compliance impracticable, and ineffective assistance of counsel that violates the sixth amendment. *Murray* v. *Carrier*, supra, 488.

Cause and prejudice replaced the "deliberate bypass" standard in federal and state habeas jurisprudence as the standard courts apply in response to a procedural default. The deliberate bypass standard had assessed "whether the record affirmatively disclose[d] that the petitioner's decision to waive his right to appeal was made voluntarily, knowingly and intelligently." *Valeriano* v. *Bronson*, 209 Conn. 75, 79, 546 A.2d 1380 (1988). The cause and prejudice standard, instead, "rests not only on the need to deter intentional defaults" but also on the judgment that the costs of habeas review are high when a trial default has occurred. *Murray* v. *Carrier*, supra, 477 U.S. 487. A trial default "deprives the trial court of an opportunity to correct any error without retrial, detracts from the importance of the trial itself, gives state appellate courts no chance to review trial errors, and exacts an extra charge by undercutting the [s]tate's ability to enforce its procedural rules." (Internal quotation marks omitted.) Id. The United States Supreme Court has explained that these costs "do not

disappear when the default stems from counsel's ignorance or inadvertence rather than from a deliberate decision, for whatever reason, to withhold a claim.'' Id.; see also *Wainwright* v. *Sykes*, supra, 433 U.S. 87–88 (noting that cause and prejudice standard is narrower than deliberate bypass standard).

The cause and prejudice standard, therefore, is designed to default inadvertent forfeitures of constitutional claims, as well as intentional waivers. The cause and prejudice standard is also designed to excuse procedural defaults beyond a petitioner's control. For a cause to be ''internal,'' the law presumes some level of participation by the petitioner in his defense so that we hold him answerable for failing to raise a claim at trial or on direct appeal, whether it is active participation, such as intentional waivers, or passive participation, such as inadvertent forfeitures. Incompetency, on the other hand, has the effect of the petitioner's being unable to participate in his defense. See General Statutes § 54-56d (a). The due process protection against trying an incompetent defendant finds support in the common-law ban on ''trials in absentia; the mentally incompetent defendant, though physically present in the courtroom, is in reality afforded no opportunity to defend himself.'' (Internal quotation marks omitted). *Drope* v. *Missouri*, 420 U.S. 162, 171, 95 S. Ct. 896, 43 L. Ed. 2d 103 (1975). Indeed, we measure incompetence to stand trial by whether the defendant ''is unable to understand the proceedings against him or her or to assist in his or her own defense.'' General Statutes § 54-56d (a).

Determining whether a cause is internal or external based on a petitioner's ability to participate in his defense is similar to drawing the distinction between the kinds of attorney error that we do or do not impute to petitioners for purposes of satisfying the cause prong of the cause and prejudice standard. On the one hand, a petitioner is bound by counsel's tactical decisions, whether

Saunders *v.* Commissioner of Correction

counsel is flouting procedural rules or hedging against strategic risks. See *Reed* v. *Ross*, 468 U.S. 1, 13–14, 104 S. Ct. 2901, 82 L. Ed. 2d 1 (1984). In those situations, excusing the procedural default "would be contrary to [well settled] principles of agency law." *Coleman* v. *Thompson*, supra, 501 U.S. 754, citing 1 Restatement (Second), Agency § 242, p. 534 (1958) (master is subject to liability for harm caused by negligent conduct of servant within scope of employment). On the other hand, "if the procedural default is the result of ineffective assistance of counsel, the [s]ixth [a]mendment itself requires that responsibility for the default be imputed to the [s]tate. . . . In other words, it is not the gravity of the attorney's error that matters, but that it constitutes a violation of [the] petitioner's right to counsel, so that the error must be seen as an external factor, i.e., imputed to the [s]tate." (Citation omitted; internal quotation marks omitted.) *Coleman* v. *Thompson*, supra, 754.

We decline to follow the Appellate Court's analysis, and that of several federal courts of appeals, holding that mental incompetency is "internal" to the petitioner and therefore not recognizing incompetency as legally sufficient to satisfy the cause prong of the cause and prejudice standard. See *Saunders* v. *Commissioner of Correction*, supra, 194 Conn. App. 503–504. Four circuits have concluded that incompetency is internal because "[s]omething that comes from a source within the petitioner is unlikely to qualify as an external impediment." *Harris* v. *McAdory*, 334 F.3d 665, 669 (7th Cir. 2003), cert. denied, 541 U.S. 992, 124 S. Ct. 2022, 158 L. Ed. 2d 499 (2004); see also *Gonzales* v. *Davis*, 924 F.3d 236, 242–44 and 244 n.4 (5th Cir. 2019), cert. denied,      U.S.    , 140 S. Ct. 1143, 206 L. Ed. 2d 199 (2020); *Johnson* v. *Wilson*, 187 Fed. Appx. 455, 458 (6th Cir. 2006), cert. denied, 549 U.S. 1218, 127 S. Ct. 1273, 167 L. Ed. 2d 96 (2007); *Hull* v. *Freeman*, 991 F.2d 86, 91

Saunders *v.* Commissioner of Correction

(3d Cir. 1993). We find the analysis of these courts flawed and, therefore, reject this conclusion. Specifically, we do not read the case law to consider pertinent to a determination of external versus internal cause whether that cause comes from "within the petitioner" (e.g., within his mind or body). Rather, "internal" is defined as "something fairly attributable to the petitioner," and, as we have explained, whether cause is internal presumes a level of participation by the petitioner in his defense.[11] The fact that our statutes impose a duty on defense counsel, the state, and the trial court—but not the defendant himself—to raise the issue of competency also informs us that incompetency is external to the petitioner. See General Statutes § 54-56d (c). And, unlike other causes of procedural default that courts have held are internal to a petitioner, such as illiteracy or limited education; see, e.g., *Harris* v. *McAdory*, supra, 669; only competence to stand trial is a constitutionally protected due process right.

We instead agree with the United States Court of Appeals for the Eighth Circuit, which has recognized incompetency as legally sufficient to satisfy the cause prong of the cause and prejudice standard and to excuse

[11] We also are unpersuaded that the same alleged incompetency that would have exempted the petitioner from standing trial in 2006 is also "fairly attributable" to the petitioner so that, if proven as alleged, it would not serve as cause to excuse procedural default. Such circuitous logic defies common sense and our constitutional, statutory, and jurisprudential protections against convicting an incompetent defendant. See *State* v. *Johnson*, 253 Conn. 1, 20, 751 A.2d 298 (2000) ("Connecticut jealously guards" right of accused persons who are not legally competent to stand trial to not be convicted); see also General Statutes § 54-56d (a) (providing that "[a] defendant shall not be tried, convicted or sentenced while the defendant is not competent"); *Drope* v. *Missouri*, supra, 420 U.S. 171–72 ("it suffices to note that the prohibition [on trying a mentally incompetent defendant] is fundamental to an adversary system of justice"). To keep a petitioner incarcerated because of a procedural bar, if the claim that the petitioner was incompetent to have stood trial is correct, would be repugnant to these ideals.

Saunders *v.* Commissioner of Correction

procedural default. In doing so, the Eighth Circuit held that "there must be a conclusive showing that mental illness interfered with a petitioner's ability to appreciate his or her position and [to] make rational decisions regarding his or her case at the time during which he or she should have pursued . . . relief." *Holt* v. *Bowersox*, 191 F.3d 970, 974 (8th Cir. 1999); see also *Schneider* v. *McDaniel*, 674 F.3d 1144, 1154 (9th Cir.) (explaining that Ninth Circuit precedent does "not necessarily foreclose the possibility that a pro se petitioner might demonstrate cause in a situation where a mental condition rendered the petitioner completely unable to comply with a state's procedures and he had no assistance"), cert. denied, 568 U.S. 1001, 133 S. Ct. 579, 184 L. Ed. 2d 380 (2012); *Farabee* v. *Johnson*, 129 Fed. Appx. 799, 802 (4th Cir. 2005) (assuming, without deciding, "that profound mental illness may constitute cause to excuse a procedural default in certain circumstances" but determining that petitioner did not demonstrate that any mental illness actually caused his procedural defaults). Consistent with the standard the Eighth Circuit has articulated, if a petition has been sufficiently pleaded to survive a motion to dismiss, habeas courts must assess whether a petitioner's incompetency satisfies the cause prong of the cause and prejudice standard.

In the present case, the Appellate Court was "persuaded that the risk of a truly incompetent person being convicted and sentenced without any requested examination of, or other challenge to, his or her competency during the criminal trial proceedings or on direct appeal is so minimal that the systemic interests of finality, accuracy of judicial decisions, and conservation of judicial resources vastly outweighed such risk." *Saunders* v. *Commissioner of Correction*, supra, 194 Conn. App. 493. This assumption is premised on attorneys—those appearing on behalf of the petitioner and the state, as well as the court itself—being duty bound to raise the

Saunders *v.* Commissioner of Correction

issue if it appears that the defendant is not competent to stand trial. See General Statutes § 54-56d (c); see also *Pate* v. *Robinson*, supra, 383 U.S. 385 (court must conduct competency hearing when evidence "raises a 'bona fide doubt' " as to defendant's competence to stand trial); *State* v. *Skok*, 318 Conn. 699, 722, 122 A.3d 608 (2015) ("[a] trial court has an independent obligation to inquire, sua sponte, into a defendant's competency when there is sufficient evidence before the court to raise a reasonable doubt as to whether the defendant can understand the proceedings or assist in her defense"). There is also the presumption that a defendant is competent to stand trial. See General Statutes § 54-56d (b). Given this presumption, and our confidence in our state bar to raise issues of competency, we agree with the Appellate Court that the risk of a truly incompetent person being convicted and sentenced without challenge is minimal—but not zero.[12] The cause and prejudice standard is meant to balance the need for keeping habeas relief available to those petitioners who warrant it against the societal costs of habeas relief, and is not meant to thwart the interest in preventing a miscarriage of justice. See *Newland* v. *Commissioner of Correction*, supra, 331 Conn. 559–60.

We disagree with the respondent that due process competency claims must therefore be brought with an accompanying ineffective assistance of counsel claim. "In habeas corpus proceedings, courts often describe constitutional claims that are not tethered to a petition-

_____

[12] We emphasize that we hold only that the petitioner's allegations of incompetency suffice to survive a motion to dismiss. On remand, to excuse his procedural default, the petitioner must still satisfy (1) the cause requirement of the cause and prejudice standard by establishing that he was incompetent at the time of his underlying criminal trial or direct appeal, *and* that his incompetency interfered with his ability to appreciate his position and make rational decisions regarding his case at the time during which he should have pursued relief, *and* (2) the prejudice requirement by showing that there is a reasonable probability that, had the issue been raised, the trial court would have found him incompetent and not restorable to competency.

Saunders *v.* Commissioner of Correction

er's sixth amendment right to counsel as 'freestanding.' '' *McCarthy* v. *Commissioner of Correction*, 192 Conn. App. 797, 810 n.8, 218 A.3d 638 (2019). Although ineffective assistance of counsel in violation of the sixth amendment is the most commonly asserted basis for cause to excuse procedural default; 7 W. LaFave et al., Criminal Procedure (3d Ed. 2007) § 28.4 (d), p. 202; it is not the exclusive basis. In holding that a novel constitutional claim could give rise to cause and excuse a procedural default, the United States Supreme Court has explained that there is a "broad range of potential reasons for an attorney's failure to comply with a procedural rule, and [a] virtually limitless array of contexts in which a procedural default can occur . . . .'' *Reed* v. *Ross*, supra, 468 U.S. 13. "[T]he failure of counsel to raise a constitutional issue reasonably unknown to him is one situation in which the [cause] requirement is met.'' Id., 14. The United States Supreme Court, therefore, has recognized as sufficient to establish cause a scenario in which, as in the present case, an objective factor is external to the defense yet still tangential to the effective assistance of counsel. Given the lack of precedential support for the proposition that procedurally defaulted competency claims *must* be brought with an ineffective assistance of counsel claim, we do not preclude the petitioner from raising a freestanding competency claim.[13]

[13] Indeed, there is the risk that the petitioner's incompetency prevented him from relating his incompetency to his attorneys. Incompetence, in that instance, may have impeded "[defense] counsel's efforts to comply with the [s]tate's procedural rule'' requiring that counsel request a competency examination and, therefore, constitutes an external cause to excuse procedural default. *Murray* v. *Carrier*, supra, 477 U.S. 488. A defendant representing himself at trial may also have no avenue to vindicate his due process rights against being tried while incompetent if his incompetency caused his procedural default. These examples highlight why an ineffective assistance of counsel claim does not necessarily need to accompany a due process competency claim. See *McCarthy* v. *Commissioner of Correction*, supra, 192 Conn. App. 811 (determining that petitioner's due process claim that his guilty plea was involuntary because of his misunderstanding of state's evidence, while related to petitioner's claim of ineffective assistance of

Saunders *v.* Commissioner of Correction

B

Although the petitioner alleged prejudice in his reply, stemming from his conviction, incarceration, and special parole, the habeas court concluded that his allegation did not suffice. On appeal, the petitioner argues only that he was not required to allege or prove prejudice because prejudice is presumed for competency claims. See *Newland* v. *Commissioner of Correction*, supra, 331 Conn. 548 (concluding that, "for purposes of procedural default, after the petitioner has established good cause for failing to raise his claim that he was completely deprived of his right to counsel [at his criminal trial], prejudice is presumed"). The petitioner provides no further support as to this issue. The respondent argues that the petitioner's reply was deficient because he failed to plead a legally sufficient cause to rebut the defense of procedural default.

The habeas court concluded that the petition and reply were deficient because an allegation of incompetency is legally insufficient to establish cause and prejudice. The Appellate Court agreed with the habeas court to the extent that an allegation of incompetency is not legally sufficient to establish cause but did not address the petitioner's argument regarding prejudice. See *Saunders* v. *Commissioner of Correction*, supra, 194 Conn. App. 499, 503 n.20.

With respect to the prejudice prong, a habeas petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." (Emphasis in original.) *United States* v. *Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); accord *Hinds* v. *Commissioner of Correction*, supra, 321 Conn.

counsel, is "a separate, freestanding due process claim subject to procedural default").

Saunders *v.* Commissioner of Correction

84. "In applying that standard, the [United States Supreme Court] indicated that the petitioner would have to demonstrate that, with the proper instruction, there was a 'substantial likelihood' that the jury would not have found the petitioner guilty of the crime of which he was convicted. . . . Substantial likelihood or reasonable probability does not require the petitioner to demonstrate that the jury more likely than not would have acquitted him had it properly been instructed. . . . 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " (Citations omitted.) *Hinds* v. *Commissioner of Correction*, supra, 84–85; 7 W. LaFave, supra, § 28.4 (d), p. 207 (explaining that United States Supreme Court has clarified that, "in order to establish prejudice under [*Wainwright*], a petitioner must demonstrate that had the constitutional claim been raised in accordance with state rules, there is a 'reasonable probability that the result of the trial would have been different' "). The prejudice inquiry often overlaps or merges with the showing of harm required to prevail on the underlying constitutional claim of error. See *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 570–71 (showing of prejudice necessary to succeed on ineffective assistance of counsel claim necessarily satisfies prejudice prong of procedural default); see also *Carraway* v. *Commissioner of Correction*, 317 Conn. 594, 600 n.6, 119 A.3d 1153 (2015) ("[i]n the context of a guilty plea . . . to succeed on the prejudice prong the petitioner must demonstrate that, but for counsel's alleged ineffective performance, the petitioner would not have pleaded guilty and would have proceeded to trial" (internal quotation marks omitted)).[14] In the context of a claimed due process violation

_____

[14] Other courts have held, in the context of counsel's failure to raise the issue of competency, that a petitioner must show that "there is a reasonable probability that the trial court would have found [the petitioner] incompetent had the issue been raised." *Blakeney* v. *United States*, 77 A.3d 328, 348 (D.C. 2013), cert. denied, 574 U.S. 1013, 135 S. Ct. 689, 190 L. Ed. 2d 392 (2014); see id., 348 n.65 (citing cases). Similarly, our Appellate Court has concluded

Saunders *v.* Commissioner of Correction

for being tried and convicted while incompetent, to
prove prejudice, the petitioner therefore must show
that there is a reasonable probability that, had the issue
been raised, the trial court would have found him
incompetent and not restorable to competency.[15]

We disagree with the habeas court that the petitioner
failed to allege sufficient prejudice to survive a motion
to dismiss. Because the habeas court dismissed the
petition on a motion by the respondent, the petitioner
was not allowed to make a conclusive showing that,
had the trial court ordered a competency evaluation,
he would have been found incompetent to stand trial
and not restorable to competency. The petitioner's reply
to the respondent's return states that he "is prejudiced
because he stands convicted of sexual assault in the first
degree and is currently serving [ten] years of special
parole." The petition further alleges that the petitioner
"was not competent to be prosecuted and to stand trial"
and that, due to his severe cognitive limitations and
significant physiological and mental health afflictions,
it was impossible for him to (1) "have any legally compe-
tent understanding of the criminal justice court system
at the time of his arrest and subsequent trial," (2) "under-

that a petitioner failed to show prejudice to excuse procedural default for
counsel's failure to request additional competency evaluations because the
petitioner failed to present credible evidence that he was not competent
throughout his criminal trial. See *Andrades* v. *Commissioner of Correction*,
108 Conn. App. 509, 520, 948 A.2d 365, cert. denied, 289 Conn. 906, 957 A.2d
868 (2008).

[15] To excuse a defendant from standing trial, the trial court is required to
find both that the defendant is incompetent and not restorable to compe-
tency. See General Statutes § 54-56d (f) ("[i]f the court finds that the defen-
dant is not competent, the court shall also find whether there is a substantial
probability that the defendant, if provided with a course of treatment, will
regain competency within the maximum period of any placement order
permitted under this section"). Because the prejudice prong of the cause
and prejudice standard requires the petitioner to show that the trial court
would have found him incompetent had the issue been raised at trial or on
direct appeal, this inquiry must necessarily include the additional showing
that the petitioner was not restorable to competency at the time of trial.

Saunders *v.* Commissioner of Correction

stand the criminal justice legal proceedings engendered by and encompassed by his arrest and subsequent trial,'' and (3) ''appreciate and to understand in a legally competent manner his pending prosecution and criminal trial, such that he could not effectively assist in his defense.'' Reading the pleadings ''broadly and realistically, rather than narrowly and technically''; (internal quotation marks omitted) *Carpenter* v. *Commissioner of Correction*, 274 Conn. 834, 842, 878 A.2d 1088 (2005); we are satisfied that the petitioner has sufficiently alleged that, had the trial court had him evaluated, his severe cognitive limitations and significant physiological and mental health afflictions would have established that he was incompetent to stand trial, was not restorable to competency and, therefore, would not have been tried and convicted. Thus, we conclude that the pleadings satisfy Practice Book § 23-31 (c). See footnote 10 of this opinion. On remand, the petitioner must produce evidence to support this claim and thereby successfully rebut the defense of procedural default.

Accordingly, the case must be remanded to the habeas court to address whether the petitioner was incompetent at the time of his criminal trial or direct appeal, thereby satisfying the cause and prejudice exception to the doctrine of procedural default.

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the habeas court's judgment and to remand the case to the habeas court for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.